IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY J. LANERI, III**                                           **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 1:15CV310 HSO-LRA**

**MARSHALL FISHER**                                        **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Henry Laneri filed a petition for writ of habeas corpus relief on September 15, 2015. Respondent filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely. As a thorough review of the case supports the Respondent's contention, the Court recommends that the petition be dismissed.

Laneri pled guilty to possession of contraband in a correctional facility in the Circuit Court of Pearl River County. By order of the court, dated January 13, 2012, and stamped filed, January 19, 2012, he was sentenced to a term of 8 years imprisonment, with 2 years to be served in the custody of the Mississippi Department of Corrections. The remaining 6 years were to be served on post-release supervision, with a 5-year supervision period.[1] The sentence was ordered to run concurrently with a previous conviction in Hancock County for possession of a controlled substance. On August 20,

---

[1] Petitioner argues that his sentence orally pronounced in court did not include a provision for post-release supervision. He maintains that the circuit court's written sentencing order is not an accurate reflection of the court's ruling. This argument is not relevant, however, to the timeliness of the instant petition.

2013, Laneri signed a "Petition to Clarify (Correct) Sentence," which was stamped as filed in the Pearl River Circuit Court on September 11, 2013. The motion was treated as a motion for post-conviction relief and denied on March 6, 2014. The Mississippi Court of Appeals affirmed the denial on June 9, 2015. *Laneri v. State*, 167 So.3d 274 (Miss. Ct. App. 2015). The mandate subsequently issued on June 30, 2015, and Laneri filed the instant petition for habeas relief on September 15, 2015.[2]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2] ECF No. 8-7-1 – 8-6.

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Miss. Code. Ann. § 99-35-101.[3] Laneri's conviction therefore became final on January 19, 2012, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before January 19, 2013. Because he did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from

---

[3]Miss. Code Ann. § 99-35-101 provides that:
>Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

January 19, 2012, to January 19, 2013.  Absent equitable or statutory tolling, his federal habeas petition filed on September 15, 2015 (signed on September 3, 2015) is untimely.[4]

Petitioner disputes that his petition is untimely.  He argues that the statute of limitations did not begin to run until the court of appeals issued its decision affirming the denial of his motion for post-conviction relief on June 9, 2015.  Because he filed the instant petition on September 15, 2015, Petitioner contends that he was well within the one-year statue of limitations.  As previously stated, however, in order to toll the statute of limitations, Petitioner was required to file a motion for post-conviction relief in state court within one year from the date he was sentenced on his guilty plea, which was January 19, 2012.  Petitioner's motion for post-conviction relief filed August 20, 2013, was too late to toll the statute of limitations, which expired January 19, 2013 – one year from his sentencing date.  *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).

None of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition.  Petitioner has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations.  *See Holland*, 130 S.Ct. at 2562.  In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C.

---

[4] None of the exceptions set forth in § 2244 (d)(1) (B-D) are applicable in this case.

§ 2244(d)(1)(A), and should be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 25th day of  February, 2016.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE