IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY J. LANERI, III**                                                                           **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 1:15-cv-310-HSO-LRA**

**MARSHALL FISHER**                                                                              **RESPONDENT**

### ORDER ADOPTING [10] REPORT AND RECOMMENDATION, GRANTING [7] MOTION TO DISMISS, AND DISMISSING PETITION [1] WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [10] of United States Magistrate Judge Linda R. Anderson, entered in this case on February 25, 2016, and the Motion to Dismiss [7] filed by Respondent Marshall Fisher on November 13, 2015.  The Magistrate Judge determined that Petitioner Henry J. Laneri, III's Petition [1] pursuant to 28 U.S.C. § 2254 was time-barred and recommended that the Petition be dismissed.  R. & R. [10] at 4-5.  After due consideration of the Report and Recommendation [10], Respondent's Motion [7], related pleadings, the record, and relevant legal authorities, the Court finds that the Magistrate Judge's Report and Recommendation [10] should be adopted, that Respondent's Motion to Dismiss [7] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

I.  BACKGROUND

On January 13, 2012, Petitioner Henry J. Laneri, III ("Laneri" or "Petitioner"), pled guilty in the Circuit Court of Pearl River County, Mississippi (the

"Circuit Court") to a charge of possession of contraband in a correctional facility. Order [7-2] at 1.  The Circuit Court sentenced Laneri to eight years in the custody of the Mississippi Department of Corrections ("MDOC"), with two years to serve and the remaining six years to be served under "post-release provisions" with a five year supervision period pursuant to Mississippi Code § 47-7-34.  *Id*.  The Circuit Court ordered that "[s]aid sentence is to run concurrent with [Laneri's] Hancock County, Mississippi[,] sentence he is presently serving." *Id*. (emphasis removed).  The Order of Conviction and Sentence was stamped filed on January 19, 2012.  *Id*.

On or about September 11, 2013, Laneri filed a Petition to Clarify (Correct) Sentence in the Circuit Court.  Petition [7-3] at 1.  The Circuit Court construed the Petition as a motion for post-conviction relief filed pursuant to Mississippi Code § 99-39-1, and denied the motion.  Order [7-4] at 1-4.  Laneri appealed, but the Circuit Court's denial was affirmed by the Mississippi Court of Appeals in an opinion dated June 9, 2015.  *Laneri v. State of Miss.*, 167 So. 3d 274, 277 (Miss. Ct. App. 2015).  The Court of Appeals issued its Mandate on June 30, 2015.  Mandate [7-6] at 1.

On September 3, 2015, Laneri signed a Petition for Writ of Habeas Corpus which was filed in this Court.  Petition [1] at 1-15.[1]  On November 13, 2015, Respondent filed a Motion to Dismiss [7] pursuant to 28 U.S.C. § 2244(d), arguing that the Petition should be dismissed with prejudice pursuant to the one-year

---

[1] The Petition was stamped filed by the Clerk of Court on September 15, 2015. Petition [1] at 1.

statute of limitations provision of 28 U.S.C. § 2244(d)(1).  The Magistrate Judge agreed that Laneri's Petition was time-barred and recommended that it be dismissed.  R. & R. [10] at 4-5.

After a copy of the Report and Recommendation [10] was mailed to Laneri on February 25, 2016, Laneri submitted a Notice of Change of Address [11] to the Clerk of Court.  On March 9, 2016, the envelope containing the Report and Recommendation was returned to the Court and marked "Offender No Longer Here."  Envelope [13] at 1.  According to a docket annotation in internal Court records, the Clerk then mailed the Report and Recommendation to Laneri at his new address on March 9, 2016.  Laneri has not filed any objection to the Report and Recommendation, and the time for doing so has passed.  *See* L.U. Civ. R. 72(a)(3).

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.  Laneri's Petition is time-barred by 28 U.S.C. §

2244(d)(1), and dismissal with prejudice is warranted.

### III.  CONCLUSION

For the foregoing reasons, the Court will adopt the Magistrate Judge's Report and Recommendation [10] as the opinion of this Court, will grant Respondent's Motion to Dismiss [7], and will dismiss Laneri's Petition [1] with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [10] of United States Magistrate Judge Linda R. Anderson, entered in this case on February 25, 2016, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss [7] filed by Respondent Marshall Fisher on November 13, 2015, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Henry J. Laneri, III's Petition [1] pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of April, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE